**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARMANDO CARDOSO *on behalf of himself, FLSA Collective Plaintiffs, and the Class,* <br> Plaintiff, <br> v. <br> NY EL DIAMANTE CORP. d/b/a PRIMA DONNA, and CHRISTIAN TORAL, <br> Defendants. | Case No.: <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT** <br><br> Jury Trial Demanded |

Plaintiffs, ARMANDO CARDOSO. on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby file this class and collective action Complaint against Defendants NY EL DIAMANTE CORP. d/b/a PRIMA DONNA ("Corporate Defendant") and CHRISTIAN TORAL ("Individual Defendant") (each individually, "Defendant" or, collectively, "Defendants") and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he, FLSA Collective Plaintiffs and similarly situated individuals are entitled to recover from Defendants: (1) unpaid minimum wages due to fixed salary, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages, (2) statutory penalties, (3) liquidated damages, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, ARMANDO CARDOSO, is a resident of Queens County, New York.

6. Defendants collectively own and operate an Ecuadorean restaurant Prima Donna, located at 90-18 Roosevelt Avenue, Jackson Heights, NY 11372. The Restaurant is operated as a single integrated enterprise, under the control of the Individual Defendant.

7. Corporate Defendant, NY EL DIAMANTE CORP. d/b/a PRIMA DONNA, is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 90-18 Roosevelt Ave, Jackson Heights, NY 11372.

8. Individual Defendant CHRISTIAN TORAL is the principal of Corporate Defendant. CHRISTIAN TORAL exercises operational control as it related to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. CHRISTIAN TORAL frequently visits the Restaurant. CHRISTIAN TORAL exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Restaurant could complain to CHRISTIAN TORAL directly regarding any of the terms of their employment, and CHRISTIAN TORAL would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. CHRISTIAN TORAL exercised functional control over the business and financial operations of all Corporate Defendants. CHRISTIAN TORAL had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members, and could reprimand employees.

9. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.

10. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including but not limited to delivery persons, servers, cashiers, porters, cooks, line-cooks, food preparers, menu distributors,

and dishwashers) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper minimum wage due to invalid misclassification as exempt employees. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

**RULE 23 CLASS ALLEGATIONS – NEW YORK**

14. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including but not limited to delivery persons, servers, cashiers, porters, cooks, line-cooks, food preparers, menu distributors, and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held,

and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) improperly compensating below the prevailing minimum wage, (ii) failing to provide proper wage statements per requirements of NYLL, and (iii) failing to properly provide wage notices to Class members, at the date of hiring and annually, per requirements of NYLL.

18. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their

employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

  a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law and applicable state laws;

  b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

  c. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

  d. Whether Defendants properly notified Plaintiff and Class members of their hourly rates;

  e. Whether Defendants properly compensated Plaintiff and Class members for all hours worked;

  f. Whether Defendants misclassified Plaintiff and Class members as exempt employees;

  g. Whether Defendants operated their business with a policy of failing to pay Plaintiff, FLSA Collective Plaintiffs, and Class members the prevailing minimum wage;

    h. Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under NYLL and applicable state laws; and

    i. Whether Defendants provided proper wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of NYLL and applicable state laws.

## STATEMENT OF FACTS

23. On June 14, 2021, Plaintiff ARMANDO CARDOSO was hired by Defendants to work as a menu distributor for Defendants' Restaurant located at 90-18 Roosevelt Avenue, Jackson Heights, NY 11372. Plaintiff was employed by Defendants until in or around July 31, 2021.

24. Throughout his employment with Defendants, Plaintiff CARDOSO was scheduled to work six (6) days per week, from 12:00 p.m. to 6:00 p.m., for a total of thirty-six (36) hours per week.

25. Plaintiff was paid $325 per week. At all times while employed by Defendants, Plaintiff was compensated on a fixed daily basis regardless of the number of hours worked in any given week. Plaintiff's fixed weekly pay for this period averaged out to approximately $9.02 per hour, below the prevailing minimum wage of $15.00 that Plaintiff was entitled to. At all times, Plaintiff and Class members were paid below the prevailing minimum wage that Plaintiff and Class members were entitled to.

26. Although Plaintiff and others similarly situated were classified and paid as "exempted" salaried employees, the nature of their work duties indicates that they were not exempt from the wage requirements of FLSA and NYLL:

    i. Plaintiff did not qualify under the "Executive Employee Exemption" as Plaintiff did not manage Defendants' enterprise or a department or subdivision thereof, direct the work of other full-time employees, or have the authority to hire, fire, or promote anyone;

    ii. Plaintiff did not qualify under the "Administrative Employee Exemption" as his work included substantial manual labor representing at least fifty percent (50%) or more of their time and did not include the exercise of discretion or independent judgment with respect to any matters of significance;

    iii. Plaintiff did not qualify under the "Learned Professional Exemption" as his work did not require advanced knowledge in a field of science or learning acquired by a prolonged course of specialized intellectual instruction;

    iv. Plaintiff did not qualify under the "Creative Professional Exemption" as his primary duty of work did not require invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor; and

    v. Plaintiff did not qualify under the "Computer Employees Exemption" as his was not employed as a computer systems analyst, computer programmer, software engineer or other similarly skilled worker in the computer field.

27. At no time during the relevant periods did Defendants provide Plaintiff or Class members with proper wage statements as required by NYLL.

28. At no time during the relevant periods did Defendants provide Plaintiff or Class members with proper wages notices, at the beginning of employment and annually thereafter as required by NYLL.

29. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices, at the beginning of employment and annually thereafter, pursuant to the requirements of NYLL.

30. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by NYLL.

31. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members.

## STATEMENT OF CLAIM
## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

32. Plaintiff realleges and incorporates all the above allegations as if fully set forth herein.

33. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

34. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of FLSA.

35. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

36. At all relevant times, Defendants had a policy and practice of misclassifying non-exempt employees which resulted in failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory minimum wage set by relevant state regulations.

37. Records, if any, concerning the number of hours worked by Plaintiff and FLSA

Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

38. Defendants knew of and/or showed a willful disregard for the provisions of FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, when Defendants knew or should have known such was due.

39. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under FLSA.

40. As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

41. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, plus an equal amount as liquidated damages.

42. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW

43. Plaintiff realleges and incorporates all the above allegations as if fully set forth herein.

44. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of NYLL, §§ 2 and 651.

45. Defendants knowingly and willfully violated Plaintiff's and Class Members' rights by

failing to pay them the proper compensation at minimum rates required by NYLL.

46. Defendants failed to properly notify employees of their pay rate, in direct violation of NYLL.

47. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class members proper wage notice, at date of hiring and annually thereafter, as required under NYLL.

48. Defendants knowingly and willfully operated their business with a policy of not providing wage statements, as required under NYLL.

49. Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants unpaid minimum wage, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages due under FLSA and NYLL;

d. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages pursuant to NYLL;

e.  An award of statutory penalties, prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

f.  Designation of Plaintiff as Representative of FLSA Collective Plaintiffs;

g.  Designation of this action as a class action pursuant to F.R.C.P. 23;

h.  Designation of Plaintiff as Representative of the Class; and

i.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date: January 20, 2022  
New York, New York

By: /s/ *CK Lee*  
CK Lee, Esq.  
**LEE LITIGATION GROUP, PLLC**  
CK Lee (CL 4086)  
Anne Seelig (AS 3976)  
148 W. 24th Street, 8th Floor  
New York, NY 10011  
Tel.: 212-465-1180  
Fax: 212-465-1181  
*Attorneys for Plaintiff,*  
*FLSA Collective Plaintiffs*  
*and the Class*